# EXHIBIT C

| U.S. Patent No. 7,215,991 | Philips Electronics N.A. Corp.<br>Telestation and Wireless Measurement Device<br>(i.e., Scale, Blood Pressure/Pulse Unit, ECG,<br>Pulse Oximeter, Steady Scale) |
|---|---|
| 1. A medical system for monitoring body functions of a patient comprising:<br><br>at least one sensor capable of being arranged on the patient and operable to detect an electrical, physical, chemical, or biological property associated with the patient, and operable to convert the detected property into an electric signal;<br><br>at least one converter coupled to the sensor, the converter operable to convert the electric signal generated by the sensor into digital data;<br><br>at least one transmitter coupled to the converter, the transmitter operable to wirelessly transmit the digital data to an evaluator station located remotely from the patient; and<br><br>at least one receiver operable to receive information through wireless communication, the information including formatting data transmitted by the evaluator station, the formatting data operable to change a format for transmission of the digital data from the transmitter to the evaluator station. | SENSOR:<br>Body Science has not provided specific evidence that this feature is present in the Telehealth products in a manner that meets the claim limitation.<br><br>CONVERTER COUPLED TO THE SENSOR:<br>Body Science has not provided specific evidence that this feature is present in the Telehealth products in a manner that meets the claim limitation.<br><br>TRANSMITTER & EVALUATOR STATION:<br>Body Science has not provided specific evidence that this feature is present in the Telehealth products in a manner that meets the claim limitation.<br><br>RECEIVER:<br><br>The accused Telehealth products do not utilize Bluetooth as alleged by Body Science.[1] They utilize a proprietary one-way transmission technology. Accordingly, the accused evaluation station does not include a receiver and cannot change the format of data transmitted from the accused electrodes.<br><br>Additionally, because the accused receiver, transmitter, and sensor are connected by one or more external wires the accused products do not include the claimed arrangement of components. |
| 3. A medical system according to claim 1 wherein the sensor is capable of being fastened to a surface of a skin of the patient. | Body Science has not provided specific evidence that this feature is present in the Telehealth products in a manner that meets the claim limitation. |

---

[1] Certain Philips "Motiva" products sold only in Europe utilize Bluetooth.

| U.S. Patent No. 7,215,991 | Philips Electronics N.A. Corp.<br>Telestation and Wireless Measurement Device<br>(i.e., Scale, Blood Pressure/Pulse Unit, ECG,<br>Pulse Oximeter, Steady Scale) |
|---|---|
| 4. A medical system according to claim 1 wherein the sensor is capable of being in contact with a finger of the patient. | Body Science has not provided specific evidence that this feature is present in the Telehealth products in a manner that meets the claim limitation. |
| 5. A medical system according to claim 1 wherein the sensor is located in a fingerclip. | Body Science has not provided specific evidence that this feature is present in the Telehealth products in a manner that meets the claim limitation. |
| 11. The medical system of claim 1 wherein oxygen saturation is measured. | Body Science has not provided specific evidence that this feature is present in the Telehealth products in a manner that meets the claim limitation. |
| 12. The medical system of claim 1 wherein a pulse of the patient is monitored. | Body Science has not provided specific evidence that this feature is present in the Telehealth products in a manner that meets the claim limitation. |
| 17. A medical system according to claim 1 wherein the evaluator station is operable to perform forward error correction. | The accused Telehealth products do not utilize Bluetooth as alleged by Body Science. They utilize a proprietary one-way protocol that does not include the claimed error correction feature. |
| 18. A medical system according to claim 1 further comprising an error correction unit operable to perform error correction on the information received by the at least one receiver. | The accused Telehealth products do not utilize Bluetooth as alleged by Body Science. They utilize a proprietary one-way protocol that does not include the claimed error correction feature. |
| 19. A medical system according to claim 1 wherein a second receiver is operable to receive information from the evaluator station. | The accused Telehealth products do not utilize Bluetooth as alleged by Body Science. They utilize a proprietary one-way protocol and accordingly the accused sensor assemblies do not have receivers |
| 22. A medical system according to claim 1 wherein a second transmitter is operable to transmit digital data from the patient. | The accused Telehealth products do not utilize Bluetooth as alleged by Body Science. They utilize a proprietary one-way protocol.  Accordingly, Body Science has not provided specific evidence that this feature is present in the Telehealth products in a manner that meets the claim limitation. |
| 25. The medical system of claim 1 wherein the evaluator station is operable to perform error correction on the digital transmitted by the at least one transmitter | The accused Telehealth products do not utilize Bluetooth as alleged by Body Science. They utilize a proprietary one-way protocol that does not include the claimed error correction feature. |

702913545

| U.S. Patent No. 7,215,991 | Philips Electronics N.A. Corp. Telestation and Wireless Measurement Device (i.e., Scale, Blood Pressure/Pulse Unit, ECG, Pulse Oximeter, Steady Scale) |
|---|---|
| 26. The medical system of claim 1 further including a cover at least partially covering the receiver, the transmitter, and the converter. | Body Science has not provided specific evidence that this feature is present in the Telehealth products in a manner that meets the claim limitation. |
| 27. A medical system according to claim 1 wherein the converter, the transmitter, and the receiver are adapted to be at least partially under a cover. | Body Science has not provided specific evidence that this feature is present in the Telehealth products in a manner that meets the claim limitation. |
| 30. The medical system of claim 1 wherein the transmitter is responsive to the received information, the received information operative to manipulate the digital data. | The accused Telehealth products do not utilize Bluetooth as alleged by Body Science. They utilize a proprietary one-way protocol. Accordingly, the accused evaluation station cannot manipulate data sent from the accused sensor. |
| 31. The medical system of claim 1 wherein the transmitter is responsive to the received information, the received information operative to control operation of the transmitter. | The accused Telehealth products do not utilize Bluetooth as alleged by Body Science. They utilize a proprietary one-way protocol. Accordingly, the accused evaluation station cannot control data sent from the accused sensor. |
| 33. The medical system of claim 1 wherein the evaluator station comprises a display operable to display the digital data. | Body Science has not provided specific evidence that this feature is present in the Telehealth products in a manner that meets the claim limitation. |
| 34. The medical system of claim 1 wherein the at least one sensor is capable of collecting data selected from the group consisting of: respiration rate, heart rate, body temperature, perspiration, EEG signals, EKG signals, pulse oximeter signals, electrodermal activity, patient position, patient motion, and combinations thereof. | Body Science has not provided specific evidence that this feature is present in the Telehealth products in a manner that meets the claim limitation. |
| 35. The medical system of claim 1 wherein the digital data transmitted by the transmitter represents the electrical signal. | Body Science has not provided specific evidence that this feature is present in the Telehealth products in a manner that meets the claim limitation. |
| 36. The medical system of claim 1 wherein the digital data transmitted by the transmitter represents processed information. | Body Science has not provided specific evidence that this feature is present in the Telehealth products in a manner that meets the claim limitation. |

3

| U.S. Patent No. 7,215,991 | Philips Electronics N.A. Corp. Telestation and Wireless Measurement Device (i.e., Scale, Blood Pressure/Pulse Unit, ECG, Pulse Oximeter, Steady Scale) |
|---|---|
| 37. A medical system for monitoring body functions of a patient comprising: an evaluator station located remotely from the patient and operable for wireless data communication; a sensor capable of being arranged on the patient and operable to detect an electrical, physical, chemical, or biological property associated with the patient, and operable to convert the detected property into an electric signal; a converter coupled to the sensor, the converter operable to convert the electric signal generated by the sensor into digital data; and a transmitter coupled to the converter, the transmitter operable to wirelessly transmit the digital data to the evaluator station; a receiver operable to receive information from the evaluator station through wireless communication; wherein the evaluator station is operable to change the format of the digital data transmitted from the transmitter to the evaluator station. | EVALUATION STATION Body Science has not provided specific evidence that this feature is present in the Telehealth products in a manner that meets the claim limitation. SENSOR: Body Science has not provided specific evidence that this feature is present in the Telehealth products in a manner that meets the claim limitation. CONVERTER: Body Science has not provided specific evidence that this element is present in the Telehealth products in a manner that meets the claim limitation. TRANSMITTER: Body Science has not provided specific evidence that this feature is present in the Telehealth products in a manner that meets the claim limitation. RECEIVER: The accused Telehealth products do not utilize Bluetooth as alleged by Body Science. They utilize a proprietary one-way transmission technology. Accordingly, the accused evaluation station does not include a receiver and cannot change the format of data transmitted from the accused electrodes. Additionally, because the accused receiver, transmitter, and sensor are connected by one or more external wires the accused products do not include the claimed arrangement of components. |
| 38. The medical system of claim 37 further comprising first and second arrangements of components, the first arrangement including the converter, the transmitter, and the receiver, the second arrangement including an additional converter, an additional transmitter, and an additional receiver. | The accused Telehealth products do not utilize Bluetooth as alleged by Body Science. They utilize a proprietary one-way protocol. Accordingly, the accused sensors do not include receivers. |

4

| U.S. Patent No. 7,215,991 | Philips Electronics N.A. Corp. Telestation and Wireless Measurement Device (i.e., Scale, Blood Pressure/Pulse Unit, ECG, Pulse Oximeter, Steady Scale) |
|---|---|
| 39. The medical system of claim 38 wherein the first second arrangements are positionable adjacent to the patient. | Body Science has not provided specific evidence that this feature is present in the Telehealth products in a manner that meets the claim limitation. |
| 45. The medical system of claim 37 wherein the evaluator station is operable to manipulate the digital data. | The Telehealth products do not utilize Bluetooth as alleged by Body Science.  They utilize a proprietary one-way transmission technology.  Accordingly, they lack a receiver connected to the sensors or the claimed data manipulation functionality. |
| 46. The medical system of claim 37 wherein the evaluator station is operable to control the transmitter. | The Telehealth products do not utilize Bluetooth as alleged by Body Science.  They utilize a proprietary one-way transmission technology.  Accordingly, they lack a receiver connected to the sensors or the claimed data control functionality. |
| 48. The medical system of claim 37 wherein the sensor is operable to be placed on a wrist of the patient. | Body Science has not provided specific evidence that this feature is present in the Telehealth products in a manner that meets the claim limitation. |
| 51. The medical system of claim 37 wherein the evaluator station includes a display. | Body Science has not provided specific evidence that this feature is present in the Telehealth products in a manner that meets the claim limitation. |
| 52. The medical system of claim 37 wherein the sensor is capable of collecting data selected from the group consisting of respiration rate, heart rate, body temperature, perspiration, EEG signals, EKG signals, pulse oximeter signals, electrodermal activity, patient position, patient motion, and combinations thereof. | Body Science has not provided specific evidence that this feature is present in the Telehealth products in a manner that meets the claim limitation. |
| 53. A medical system for acquiring measured data, including measuring body functions, comprising: .. a first set of components having a first sensor operable to contact a body, a first transmitter, and a first receiver, the first set of components operable to rest close to the body; an evaluator station having a second transmitter | SENSOR, TRANSMITTER, RECEIVER: The Telehealth products do not utilize Bluetooth as alleged by Body Science.  They utilize a proprietary one-way transmission technology.  Accordingly, they lack a receiver. Body Science has not provided any evidence that the Telehealth products include the claimed sensor and transmitter features. EVALUATOR STATION: |

5

| U.S. Patent No. 7,215,991 | Philips Electronics N.A. Corp. Telestation and Wireless Measurement Device (i.e., Scale, Blood Pressure/Pulse Unit, ECG, Pulse Oximeter, Steady Scale) |
|---|---|
| and a second receiver, the evaluator station operable to wirelessly communicate with the first transmitter and the first receiver, second data transmitted from the second transmitter is operable to control and manipulate first data transmitted by the first transmitter. | The accused Telehealth products do not utilize Bluetooth as alleged by Body Science. They utilize a proprietary one-way transmission technology. Accordingly, the accused evaluation station does not include a transmitter connected to the sensors and cannot control or manipulate data transmitted from the sensor assemblies. |
| 55. A medical system according to claim 53 wherein the first sensor is capable of being fastened to a surface of a skin of the patient.. . ." | Body Science has not provided specific evidence that this feature is present in the Telehealth products in a manner that meets the claim limitation. |
| 56. A medical system according to claim 53 wherein the first sensor is capable of being in contact with a finger of the patient. | Body Science has not provided specific evidence that this feature is present in the Telehealth products in a manner that meets the claim limitation. |
| 57. A medical system according to claim 53 wherein the first sensor is located in a fingerclip. | Body Science has not provided specific evidence that this feature is present in the Telehealth products in a manner that meets the claim limitation. |
| 61. The medical system of claim 53 wherein oxygen saturation is measured. | Body Science has not provided specific evidence that this feature is present in the Telehealth products in a manner that meets the claim limitation. |
| 62. The medical system of claim 53 wherein a pulse of the patient is monitored. | Body Science has not provided specific evidence that this feature is present in the Telehealth products in a manner that meets the claim limitation. |
| 65. A medical system according to claim 53 wherein evaluator station is operable to perform forward error correction. | The accused Telehealth products do not utilize Bluetooth as alleged by Body Science. They utilize a proprietary one-way protocol that does not include the claimed error correction feature. |
| 66. A medical system according to claim 53 further comprising an error correction unit of the first set of components; the error correction unit operable to perform error correction on the second data. | The accused Telehealth products do not utilize Bluetooth as alleged by Body Science. They utilize a proprietary one-way protocol that does not perform error correction. |

6

| U.S. Patent No. 7,215,991 | Philips Electronics N.A. Corp.<br>Telestation and Wireless Measurement Device<br>(i.e., Scale, Blood Pressure/Pulse Unit, ECG,<br>Pulse Oximeter, Steady Scale) |
|---|---|
| 67. A medical system according to claim 53 wherein a third receiver is operable to receive third data from the second transmitter. | The accused Telehealth products do not utilize Bluetooth as alleged by Body Science. It utilizes a proprietary one-way protocol that does not include the claimed error correction feature. |
| 69. The medical system of claim 67 wherein the evaluator station is operable to communicate with both the first receiver and the third receiver. | The accused Telehealth products do not utilize Bluetooth as alleged by Body Science. They utilize a proprietary one-way protocol. Accordingly, Body Science has not provided specific evidence that this feature is present in the Telehealth products in a manner that meets the claim limitation. |
| 72. The medical system of claim 53 wherein the evaluator station is operable to perform error correction on the first data transmitted by the first transmitter. | The accused Telehealth products do not utilize Bluetooth as alleged by Body Science. They utilize a proprietary one-way protocol that does not include the claimed error correction feature. |
| 73. The medical system of claim 53 further including a cover at least partially covering the first set of components. | Body Science has not provided specific evidence that this feature is present in the Telehealth products in a manner that meets the claim limitation. |
| 77. The medical system of claim 53 wherein the evaluator station further includes a display operable to display information representative of the first data transmitted by the first transmitter. | Body Science has not provided specific evidence that this feature is present in the Telehealth products in a manner that meets the claim limitation. |
| 78. The medical system of claim 53 wherein the sensor is capable of collecting data selected from the group consisting of respiration rate, heart rate, body temperature, perspiration, EEG signals, EKG signals, pulse oximeter signals, electrodermal activity, patient position, patient motion, and combinations thereof. | Body Science has not provided specific evidence that this feature is present in the Telehealth products in a manner that meets the claim limitation. |

| U.S. Patent No. 6,289,238 | Philips Electronics N.A. Corp. Telestation and Wireless Measurement Device (i.e., Scale, Blood Pressure/Pulse Unit, ECG, Pulse Oximeter, Steady Scale) |
|---|---|
| 1. A medical system for acquiring measured data, in particular for monitoring body functions, comprising:<br><br>at least one evaluation station having at least one receiver and at least one transmitter for wireless digital data transmission and receiving; | EVALUATION STATION:<br>Body Science has not provided specific evidence that this feature is present in the Telehealth products in a manner that meets the claim limitation. |
| one electrode allocated to each evaluation station and capable of being attached to a patient, said electrode comprising: at least one sensor for detecting an electric, physical, chemical or biological quantity, and converting the detected quantity into an electric signal;<br><br>a covering comprising: | ELECTRODE:<br><br>The accused Telehealth products do not include an "electrode."  Rather they include separate components connected through external wires.<br><br>COVERING:<br>Body Science has not provided specific evidence that this feature is present in the Telehealth products in a manner that meets the claim limitation. |
| at least one converter for converting the electric signal generated by said sensor into a digital value; | CONVERTER<br><br>Body Science has not provided specific evidence that this feature is present in the Telehealth products in a manner that meets the claim limitation. |
| at least one transmitter coupled to said at least one converter for transmitting the digital data to the receiver in said evaluation station; and at least one receiver for receiving data transmitted by the evaluation station transmitter; and<br><br>at least one error diagnosis and correction unit coupled to at least one of said electrode and evaluation station for detecting errors in the received data; | TRANSMITTER & RECEIVER:<br><br>The accused Telehealth products do not utilize Bluetooth as alleged by Body Science. They utilize a proprietary one-way transmission technology.  Accordingly, the accused evaluation station does not include a receiver and cannot manipulate data transmitted from the accused electrodes. |

| U.S. Patent No. 6,289,238 | Philips Electronics N.A. Corp. Telestation and Wireless Measurement Device (i.e., Scale, Blood Pressure/Pulse Unit, ECG, Pulse Oximeter, Steady Scale) |
|---|---|
| whereby the data transmitted by said evaluation station to said electrode can manipulate the data transmitted by said electrode to the evaluation station. | ERROR DIAGNOSIS AND CORRECTION UNIT:<br><br>The accused Telehealth products do not utilize Bluetooth as alleged by Body Science. They utilize a proprietary one-way protocol that cannot perform error correction.<br><br>MANIPULATION OF DATA:<br><br>The accused Telehealth products do not utilize Bluetooth as alleged by Body Science. They utilize a proprietary one-way protocol. Accordingly, the accused evaluation station cannot manipulate data sent from the accused electrode. |
| 2. The system according to claim 1, wherein the evaluation station comprises at least one decoding unit and wherein said electrode is equipped with an encoding unit. | Body Science has not provided specific evidence that this feature is present in the Telehealth products in a manner that meets the claim limitation. |
| 3. The system according to claim 1, wherein the evaluation station contains at least one encoding unit and wherein said electrode is equipped with a decoding unit. | The accused Telehealth products utilize a one-way proprietary protocol. Accordingly, the Telestation does not encode data for decoding by the sensor devices. |
| 6. The system according to claim 1, wherein the evaluation station has at least one of a storage unit, display unit and alarm unit. | Body Science has not provided specific evidence that this feature is present in the Telehealth products in a manner that meets the claim limitation. |
| 14. The system according to claim 1, wherein said electrode is attached to the ski surface. | Body Science has not provided specific evidence that this feature is present in the Telehealth products in a manner that meets the claim limitation. |

| U.S. Patent No. 6,289,238 | Philips Electronics N.A. Corp. Telestation and Wireless Measurement Device (i.e., Scale, Blood Pressure/Pulse Unit, ECG, Pulse Oximeter, Steady Scale) |
|---|---|
| 17. A medical system according to claim 1, wherein the data transmitted by the evaluation station to said electrode can control the data transmitted by said electrode to the evaluation station. | Body Science has not provided specific evidence that this feature is present in the Telehealth products in a manner that meets the claim limitation. |
| 18. The system according to claim 1, wherein the evaluation station contains at least one encoding unit and wherein said electrode is equipped with a decoding unit. | The accused Telehealth products utilize a one-way proprietary protocol. Accordingly, the Telestation does not encode data for decoding by the sensor devices. |
| 36. A medical system for acquiring measured data, in particular for monitoring body functions, comprising:<br><br>at least one evaluation station having at least one receiver and at least one transmitter for wireless digital data transmission and receiving;<br><br>one electrode allocated to each evaluation station and capable of being attached to a patient, said electrode comprising: at least one sensor for detecting an electric, physical, chemical or biological quantity, and converting the detected quantity into an electric signal;<br><br>a covering comprising:<br><br>at least one converter for converting the electric signal generated by said sensor into a digital value;<br><br>at least one transmitter coupled to said at least one | EVALUATION STATION:<br><br>Body Science has not provided specific evidence that this feature is present in the Telehealth products in a manner that meets the claim limitation.<br><br>ELECTRODE:<br>The accused Telehealth products do not include an "electrode." Rather they include a set of components connected through external wires.<br><br>COVERING:<br>Body Science has not provided specific evidence that this feature is present in the Telehealth products in a manner that meets the claim limitation.<br><br>CONVERTER:<br>Body Science has not provided specific evidence that this feature is present in the Telehealth products in a manner that meets the claim limitation.<br><br>TRANSMITTER & RECEIVER:<br>The accused Telehealth products do not utilize Bluetooth as alleged by Body Science. They utilize a proprietary one-way transmission technology. Accordingly, the accused electrodes |

10

| U.S. Patent No. 6,289,238 | Philips Electronics N.A. Corp. Telestation and Wireless Measurement Device (i.e., Scale, Blood Pressure/Pulse Unit, ECG, Pulse Oximeter, Steady Scale) |
|---|---|
| converter for transmitting the digital data to the receiver in said evaluation station; and at least one receiver for receiving data transmitted by the evaluation station transmitter; and<br><br>at least one error diagnosis and correction unit coupled to at least one of said electrode and evaluation station for detecting errors in the received data;<br><br><br><br><br><br>whereby the data transmitted by said evaluation station to said electrode can control the data transmitted by said electrode to the evaluation station. | lack a receiver.<br><br> ERROR DIAGNOSIS AND CORRECTION UNIT:<br><br>The accused Telehealth products do not utilize Bluetooth as alleged by Body Science. They utilize a proprietary one-way protocol that does not include error correction.<br><br>CONTROL OF DATA:<br><br><br>The accused Telehealth products do not utilize Bluetooth as alleged by Body Science. They utilize a proprietary one-way transmission technology.  Accordingly, the accused evaluation station does not include a receiver connected to the sensors and cannot control or manipulate data transmitted from the accused electrodes. |
| 37. The system according to claim 36, wherein the evaluation station comprises at least one decoding unit and wherein said electrode is equipped with an encoding unit. | Body Science has not provided specific evidence that this feature is present in the Telehealth products in a manner that meets the claim limitation. |
| 40. The system according to claim 36, wherein the evaluation station has at least one of a storage unit, display unit and alarm unit. | Body Science has not provided specific evidence that this feature is present in the Telehealth products in a manner that meets the claim limitation. |
| 48. The system according to claim 36, wherein said electrode is attached to the skin surface. | Body Science has not provided specific evidence that this feature is present in the Telehealth products in a manner that meets the claim limitation. |

702913545

| U.S. Patent No. 7,215,991 | Philips Electronics N.A. Corp. IntelliVue Telemetry Transceiver and Patient Monitor (i.e., MP5, MP5T, X2, MP2, MP20/30) |
|---|---|
| 1. A medical system for monitoring body functions of a patient comprising:<br><br>at least one sensor capable of being arranged on the patient and operable to detect an electrical, physical, chemical, or biological property associated with the patient, and operable to convert the detected property into an electric signal;<br><br>at least one converter coupled to the sensor, the converter operable to convert the electric signal generated by the sensor into digital data;<br><br>at least one transmitter coupled to the converter, the transmitter operable to wirelessly transmit the digital data to an evaluator station located remotely from the patient; and<br><br>at least one receiver operable to receive information through wireless communication, the information including formatting data transmitted by the evaluator station, the formatting data operable to change a format for transmission of the digital data from the transmitter to the evaluator station. | In its infringement contentions Body Science has cited to various unrelated features and components  in a manner that is incoherent and does not identify a specific arrangement of components that is alleged to meet all of the claim elements.<br><br>The accused MP series monitors are off-patient monitors that utilize wired sensors.  Certain versions of the MP series monitors may include additional wireless functionality for connecting to a wireless network infrastructure. These combinations do not meet the claimed arrangement of devices.<br><br>To the extent that any MP series monitors can communicate directly with a patient-worn device, they do so utilizing the Philips proprietary Short Range Radio Interface.  This technology does not include the claimed format change limitations.<br><br>Additionally, because the  accused receiver, transmitter, and sensor are connected by one or more external wires the accused products do not include  the claimed arrangement of components. |
| 3. A medical system according to claim 1 wherein the sensor is capable of being fastened to a surface of a skin of the patient. | Body Science has not provided specific evidence that this feature is present in the accused products in a manner that meets the claim limitation. |
| 4. A medical system according to claim 1 wherein the sensor is capable of being in contact with a finger of the patient. | Body Science has not provided specific evidence that this feature is present in the accused products in a manner that meets the claim limitation. |

| U.S. Patent No. 7,215,991 | Philips Electronics N.A. Corp. IntelliVue Telemetry Transceiver and Patient Monitor (i.e., MP5, MP5T, X2, MP2, MP20/30) |
|---|---|
| 5. A medical system according to claim 1 wherein the sensor is located in a fingerclip. | Body Science has not provided specific evidence that this feature is present in the accused products in a manner that meets the claim limitation. |
| 6. A medical system according to claim 1 wherein the sensor, the converter, the transmitter, and the receiver are operable to be worn on a body of the patient with the sensor in contact with the body. The patient wears the transceiver, which includes the sensor, converter, transmitter, and receiver. The sensor is in contact with the patient's body. | Body Science has not provided specific evidence that this feature is present in the accused products in a manner that meets the claim limitation. |
| 7. A medical system according to claim 1 wherein the sensor, the converter, the transmitter, and the receiver are arranged in a bracelet. | Body Science has not provided specific evidence that this feature is present in the accused products in a manner that meets the claim limitation. |
| 8. A medical system according to claim 1 wherein the sensor is placed on a wrist of the patient and wherein the medical system measures oxygen saturation. | Body Science has not provided specific evidence that this feature is present in the accused products in a manner that meets the claim limitation. |
| 9. A medical system according to claim 1 wherein the sensor, the converter, the transmitter, and the receiver are arranged on a garment. | Body Science has not provided specific evidence that this feature is present in the accused products in a manner that meets the claim limitation. |
| 11. The medical system of claim 1 wherein oxygen saturation is measured. | Body Science has not provided specific evidence that this feature is present in the accused products in a manner that meets the claim limitation. |
| 12. The medical system of claim 1 wherein a pulse of the patient is monitored. | Body Science has not provided specific evidence that this feature is present in the accused products in a manner that meets the claim limitation. |
| 26. The medical system of claim 1 further including a cover at least partially covering the receiver, the transmitter, and the converter. | Body Science has not provided specific evidence that this feature is present in the accused products in a manner that meets the claim limitation. |
| 27. A medical system according to claim 1 wherein the converter, the transmitter, and the receiver are adapted to be at least partially under a cover. | Body Science has not provided specific evidence that this feature is present in the accused products in a manner that meets the claim limitation. |

13

| U.S. Patent No. 7,215,991 | Philips Electronics N.A. Corp. IntelliVue Telemetry Transceiver and Patient Monitor (i.e., MP5, MP5T, X2, MP2, MP20/30) |
|---|---|
| 30. The medical system of claim 1 wherein the transmitter is responsive to the received information, the received information operative to manipulate the digital data. | The Short Range Radio protocol does not include the claimed manipulation limitation. |
| 31. The medical system of claim 1 wherein the transmitter is responsive to the received information, the received information operative to control operation of the transmitter. | The Short Range Radio protocol does not include the claimed control limitation. |
| 33. The medical system of claim 1 wherein the evaluator station comprises a display operable to display the digital data. | Body Science has not provided specific evidence that this feature is present in the accused products in a manner that meets the claim limitation. |
| 34. The medical system of claim 1 wherein the at least one sensor is capable of collecting data selected from the group consisting of:  respiration rate, heart rate, body temperature, perspiration, EEG signals, EKG signals, pulse oximeter signals, electrodermal activity, patient position, patient motion, and combinations thereof. | Body Science has not provided specific evidence that this feature is present in the accused products in a manner that meets the claim limitation. |
| 35. The medical system of claim 1 wherein the digital data transmitted by the transmitter represents the electrical signal. | Body Science has not provided specific evidence that this feature is present in the accused products in a manner that meets the claim limitation. |
| 37. A medical system for monitoring body functions of a patient comprising:  an evaluator station located remotely from the patient and operable for wireless data communication;  a sensor capable of being arranged on the patient and operable to detect an electrical, physical, chemical, or biological property associated with the patient, and operable to convert the detected property into an electric signal;  a converter coupled to the sensor, the converter | In its infringement contentions Body Science has cited to various unrelated features and components in a manner that is incoherent and does not identify a specific arrangement of components that is alleged to meet all of the claim elements.  The accused MP series monitors are off-patient monitors that utilize wired sensors. Certain versions of the MP series monitors may include additional wireless functionality for connecting to a wireless network infrastructure. These combinations do not meet the claimed arrangement of devices.  To the extent that any MP series monitors can communicate directly with a patient-worn device, they do so utilizing the Philips proprietary Short Range |

14

| U.S. Patent No. 7,215,991 | Philips Electronics N.A. Corp. IntelliVue Telemetry Transceiver and Patient Monitor (i.e., MP5, MP5T, X2, MP2, MP20/30) |
|---|---|
| operable to convert the electric signal generated by the sensor into digital data; and<br><br>a transmitter coupled to the converter, the transmitter operable to wirelessly transmit the digital data to the evaluator station; a receiver operable to receive information from the evaluator station through wireless communication;<br><br>wherein the evaluator station is operable to change the format of the digital data transmitted from the transmitter to the evaluator station. | Radio Interface.  This technology does not include the claimed format change limitations.<br><br> Additionally, because the  accused receiver, transmitter, and sensor are connected by one or more external wires the accused products do not include  the claimed arrangement of components. |
| 38. The medical system of claim 37 further comprising first and second arrangements of components, the first arrangement including the converter, the transmitter, and the receiver, the second arrangement including an additional converter, an additional transmitter, and an additional receiver. | Body Science has not provided specific evidence that this feature is present in the accused products in a manner that meets the claim limitation. |
| 39. The medical system of claim 38 wherein the first and second arrangements are positionable adjacent to the patient. | Body Science has not provided specific evidence that this feature is present in the accused products in a manner that meets the claim limitation. |
| 40. The medical system of claim 38 wherein the first and second arrangements are positionable adjacent to different patients. | Body Science has not provided specific evidence that this feature is present in the accused products in a manner that meets the claim limitation. |
| 46. The medical system of claim 37 wherein the evaluator station is operable to control the transmitter. | To the extent that any MP series monitors can communicate directly with a patient-worn device, they do so utilizing the Philips proprietary Short Range Radio Interface.  This technology does not include the claimed format change limitations. |

15

| U.S. Patent No. 7,215,991 | Philips Electronics N.A. Corp. IntelliVue Telemetry Transceiver and Patient Monitor (i.e., MP5, MP5T, X2, MP2, MP20/30) |
|---|---|
| 47. The medical system of claim 37 wherein the converter, the transmitter, and the receiver are arranged in a bracelet. | Body Science has not provided specific evidence that this feature is present in the accused products in a manner that meets the claim limitation. |
| 48. The medical system of claim 37 wherein the sensor is operable to be placed on a wrist of the patient. | Body Science has not provided specific evidence that this feature is present in the accused products in a manner that meets the claim limitation. |
| 49. The medical system of claim 48 wherein oxygen saturation is measured. | Body Science has not provided specific evidence that this feature is present in the accused products in a manner that meets the claim limitation. |
| 50. The medical system of claim 37 wherein the evaluator station includes an alarm unit. | Body Science has not provided specific evidence that this feature is present in the accused products in a manner that meets the claim limitation. |
| 51. The medical system of claim 37 wherein the evaluator station includes a display. | Body Science has not provided specific evidence that this feature is present in the accused products in a manner that meets the claim limitation. |
| 52. The medical system of claim 37 wherein the sensor is capable of collecting data selected from the group consisting of respiration rate, heart rate, body temperature, perspiration, EEG signals, EKG signals, pulse oximeter signals, electrodermal activity, patient position, patient motion, and combinations thereof. | Body Science has not provided specific evidence that this feature is present in the accused products in a manner that meets the claim limitation. |
| 53. A medical system for acquiring measured data, including measuring body functions, comprising:<br><br>a first set of components having a first sensor operable to contact a body, a first transmitter, and a first receiver, the first set of components operable to rest close to the body; and<br><br>an evaluator station having a second transmitter and a second receiver, the evaluator station operable to wirelessly communicate with the first transmitter and the first receiver, second data transmitted from the second transmitter is operable to control and manipulate first data transmitted by the first | In its infringement contentions Body Science has cited to various unrelated features and components in a manner that is incoherent and does not identify a specific arrangement of components that is alleged to meet all of the claim elements.<br><br>The accused MP series monitors are off-patient monitors that utilize wired sensors. Certain versions of the MP series monitors may include additional wireless functionality for connecting to a wireless network infrastructure. These combinations do not meet the claimed arrangement of devices.<br><br>To the extent that any MP series monitors can communicate directly with a patient-worn device, they do so utilizing the Philips proprietary Short Range |

| U.S. Patent No. 7,215,991 | Philips Electronics N.A. Corp. IntelliVue Telemetry Transceiver and Patient Monitor (i.e., MP5, MP5T, X2, MP2, MP20/30) |
|---|---|
| transmitter. | Radio Interface.  This technology does not include the claimed format change limitations.<br><br>Additionally, because the  accused receiver, transmitter, and sensor are connected by one or more external wires the accused products do not include  the claimed arrangement of components. |
| 55. A medical system according to claim 53 wherein the first sensor is capable of being fastened to a surface of a skin of the patient. | Body Science has not provided specific evidence that this feature is present in the accused products in a manner that meets the claim limitation. |
| 56. A medical system according to claim 53 wherein the first sensor is capable of being in contact with a finger of the patient. | Body Science has not provided specific evidence that this feature is present in the accused products in a manner that meets the claim limitation. |
| 57. A medical system according to claim 53 wherein the first sensor is located in a fingerclip. | Body Science has not provided specific evidence that this feature is present in the accused products in a manner that meets the claim limitation. |
| 58. A medical system according to claim 55 wherein the first sensor, the first transmitter, and the first receiver are operable to be worn on a body of the patient with the first sensor in contact with the body. | Body Science has not provided specific evidence that this feature is present in the accused products in a manner that meets the claim limitation. |
| 59. A medical system according to claim 58 wherein the first sensor, the first transmitter, and the first receiver are arranged in a bracelet. | Body Science has not provided specific evidence that this feature is present in the accused products in a manner that meets the claim limitation. |
| 60. A medical system according to claim 53 wherein the first sensor is placed on a wrist of the patient and wherein the medical system measures oxygen saturation. | Body Science has not provided specific evidence that this feature is present in the accused products in a manner that meets the claim limitation. |
| 61. The medical system of claim 53 wherein oxygen saturation is measured. | Body Science has not provided specific evidence that this feature is present in the accused products in a manner that meets the claim limitation. |
| 62. The medical system of claim 53 wherein a pulse of the patient is monitored. | Body Science has not provided specific evidence that this feature is present in the accused products in a manner that meets the claim limitation. |

17

| U.S. Patent No. 7,215,991 | Philips Electronics N.A. Corp. IntelliVue Telemetry Transceiver and Patient Monitor (i.e., MP5, MP5T, X2, MP2, MP20/30) |
|---|---|
| 67. A medical system according to claim 53 wherein a third receiver is operable to receive third data from the second transmitter | Body Science has not provided specific evidence that this feature is present in the accused products in a manner that meets the claim limitation. |
| 68. A medical system according to claim 67 wherein the third receiver is on a different patient than the first receiver. | Body Science has not provided specific evidence that this feature is present in the accused products in a manner that meets the claim limitation. |
| 69. The medical system of claim 67 wherein the evaluator station is operable to communicate with both the first receiver and the third receiver. | Body Science has not provided specific evidence that this feature is present in the accused products in a manner that meets the claim limitation. |
| 70. A medical system according to claim 67 wherein a third transmitter is operable to transmit third data from a second body. | Body Science has not provided specific evidence that this feature is present in the accused products in a manner that meets the claim limitation. |
| 71. The medical system of claim 53 in which a second sensor is in contact with a second body. | Body Science has not provided specific evidence that this feature is present in the accused products in a manner that meets the claim limitation. |
| 73. The medical system of claim 53 further including a cover at least partially covering the first set of components. | Body Science has not provided specific evidence that this feature is present in the accused products in a manner that meets the claim limitation. |
| 74. The medical system of claim 73 further comprising:<br><br>a second cover at least partially covering a second set of components;<br><br>and a second sensor operable to contact a second human body, the second sensor being part of the second set of components. | Body Science has not provided specific evidence that this feature is present in the accused products in a manner that meets the claim limitation. |
| 76. The medical system of claim 53 wherein the evaluator station further includes an alarm unit capable of operation when the first sensor is not responding properly. | Body Science has not provided specific evidence that this feature is present in the accused products in a manner that meets the claim limitation. |
| 77. The medical system of claim 53 wherein the evaluator station further includes a display operable to display information representative of the first data transmitted by the first transmitter. | Body Science has not provided specific evidence that this feature is present in the accused products in a manner that meets the claim limitation. |

| U.S. Patent No. 7,215,991 | Philips Electronics N.A. Corp. IntelliVue Telemetry Transceiver and Patient Monitor (i.e., MP5, MP5T, X2, MP2, MP20/30) |
|---|---|
| 78. The medical system of claim 53 wherein the sensor is capable of collecting data selected from the group consisting of respiration rate, heart rate, body temperature, perspiration, EEG signals, EKG signals, pulse oximeter signals, electrodermal activity, patient position, patient motion, and combinations thereof. | Body Science has not provided specific evidence that this feature is present in the accused products in a manner that meets the claim limitation. |

19

| U.S. Patent No. 6,289,238 | Philips Electronics N.A. Corp. IntelliVue Telemetry Transceiver and Patient Monitor (i.e., MP5, MP5T, X2, MP2, MP20/30) |
|---|---|
| 19. A medical system for acquiring measured data, in particular for monitoring body functions, comprising:<br><br>at least one evaluation station having at least one receiver and at least one transmitter for wireless digital data transmission and receiving;<br><br>at least two electrodes capable of being attached to a patient, each of said electrodes comprising: at least one sensor for detecting an electric, physical, chemical or biological quantity, and converting the detected quantity into an electric signal;<br><br>a covering comprising:<br><br>at least one converter for converting the electric signal generated by said sensor into a digital value;<br><br>at least one transmitter coupled to said at least one converter for transmitting the digital data to the<br><br>receiver in said evaluation station; and at least one receiver for receiving data transmitted by the evaluation station transmitter,<br><br>wherein data transmitted by said evaluation station to said electrode can manipulate the data transmitted by said electrode to the evaluation station. | In its infringement contentions Body Science has cited to various unrelated features and components in a manner that is incoherent and does not identify a specific arrangement of components that is alleged to meet all of the claim elements.<br><br>The accused MP series monitors are off-patient monitors that utilize wired sensors. Certain versions of the MP series monitors may include additional wireless functionality for connecting to a wireless network infrastructure. These combinations do not meet the claimed arrangement of devices.<br><br>To the extent that any MP series monitors can communicate directly with a patient-worn device, they do so utilizing the Philips proprietary Short Range Radio Interface. This technology does not include the claimed data manipulation limitations.<br><br>Additionally, the accused sensor arrangements are not "electrodes" – rather they are assemblies of components connected by external wiring. |
| 24. The system according to claim 19, wherein the evaluation station has at least one of a storage unit, display unit and alarm unit | The patient monitor evaluation station includes a screen for displaying digital data measured from a patient. |
| 32. The system according to claim 19, wherein said electrodes are attached to the skin surface. | The electrodes of the transceiver are attached to a patient's skin (e.g., finger, chest). |
| 35. A medical system according to claim 19, wherein the data transmitted by the evaluation station to said electrode can control the data transmitted by said electrode to the evaluation station. | To the extent that any MP series monitors can communicate directly with a patient-worn device, they do so utilizing the Philips proprietary Short Range Radio Interface. This technology does not include the claimed data control limitations. |

| U.S. Patent No. 6,289,238 | Philips Electronics N.A. Corp.<br>IntelliVue Telemetry Transceiver and Patient Monitor<br>(i.e., MP5, MP5T, X2, MP2, MP20/30) |
|---|---|
| 51. A medical system for acquiring measured data, in particular for monitoring body functions, comprising:<br><br>at least one evaluation station having at least one<br><br>receiver and at least one transmitter for wireless digital data transmission and receiving;<br><br>at least two electrodes capable of being attached to a patient, each of said electrodes comprising: at least one sensor for detecting an electric, physical, chemical or biological quantity, and converting the detected quantity into an electric signal;<br><br>a covering comprising:<br><br>at least one converter for converting the electric signal generated by said sensor into a digital value;<br><br>at least one transmitter coupled to said at least one converter for transmitting the digital data to the receiver in said evaluation station; and at least one receiver for receiving data transmitted by the evaluation station transmitter,<br><br>whereby the data transmitted by said evaluation station to said electrode can control the data transmitted by said electrode to the evaluation station. | In its infringement contentions Body Science has cited to various unrelated features and components in a manner that is incoherent and does not identify a specific arrangement of components that is alleged to meet all of the claim elements.<br><br>The accused MP series monitors are off-patient monitors that utilize wired sensors.  Certain versions of the MP series monitors may include additional wireless functionality for connecting to a wireless network infrastructure. These combinations do not meet the claimed arrangement of devices.<br><br>To the extent that any MP series monitors can communicate directly with a patient-worn device, they do so utilizing the Philips proprietary Short Range Radio Interface.  This technology does not include the claimed data manipulation limitations.<br><br>Additionally, the accused sensor arrangements are not "electrodes" – rather they are assemblies of components connected by external wiring. |
| 56. The system according to claim 51, wherein the evaluation station has at least one of a storage unit, display unit and alarm unit. | Body Science has not provided specific evidence that this feature is present in the accused products in a manner that meets the claim limitation. |
| 64. The system according to claim 51, wherein said electrodes are attached to the skin surface. | Body Science has not provided specific evidence that this feature is present in the accused products in a manner that meets the claim limitation. |

21

| U.S. Patent No. 7,215,991 | Philips Electronics N.A. Corp.<br>**Invivo Expression, Invivo Essential, Invivo Precess Patient Monitor(s) and Wireless Module(s) (SpO$_2$, ECG, NIBP, EtCO$_2$)** |
|---|---|
| 1. A medical system for monitoring body functions of a patient comprising:<br><br>at least one sensor capable of being arranged on the patient and operable to detect an electrical, physical, chemical, or biological property associated with the patient, and operable to convert the detected property into an electric signal;<br><br>at least one converter coupled to the sensor, the converter operable to convert the electric signal generated by the sensor into digital data;<br><br>at least one transmitter coupled to the converter, the transmitter operable to wirelessly transmit the digital data to an evaluator station located remotely from the patient; and<br><br>at least one receiver operable to receive information through wireless communication, the information including formatting data transmitted by the evaluator<br><br>station, the formatting data operable to change a format for transmission of the digital data from the transmitter to the evaluator station. | In its infringement contentions Body Science has cited to various unrelated features and components in a manner that is incoherent and does not identify a specific arrangement of components that is alleged to meet all of the claim elements.<br><br>The accused Invivo system include one or more patient worn transceivers. These communicate with a host system. A host system can communicate with a monitor. Accordingly, there is no direct communication between a sensor and monitor as required by the claim.<br><br>Additionally, both communication steps utilize proprietary communications protocols that do not include the claimed format changes.  The identified "spread spectrum" features are automatic and not remotely managed.<br><br>Additionally, because the  accused receiver, transmitter, and sensor are connected by one or more external wires the accused products do not include  the claimed arrangement of components. |
| 3. A medical system according to claim 1 wherein the sensor is capable of being fastened to a surface of a skin of the patient. | Body Science has not provided specific evidence that this feature is present in the accused systems in a manner that meets the claim limitation. |
| 4. A medical system according to claim 1 wherein the sensor is capable of being in contact with a finger of the patient. | Body Science has not provided specific evidence that this feature is present in the accused systems in a manner that meets the claim limitation. |
| 5. A medical system according to claim 1 wherein the sensor is located in a fingerclip. | Body Science has not provided specific evidence that this feature is present in the accused systems in a manner that meets the claim limitation. |
| 6. A medical system according to claim 1 wherein the sensor, the converter, the transmitter, and the receiver are operable to be worn on a body of the patient with the sensor in contact with the body. | Body Science has not provided specific evidence that this feature is present in the accused systems in a manner that meets the claim limitation. |

| U.S. Patent No. 7,215,991 | Philips Electronics N.A. Corp.<br>Invivo Expression, Invivo Essential, Invivo Precess Patient Monitor(s) and Wireless Module(s) (SpO$_2$, ECG, NIBP, EtCO$_2$) |
|---|---|
| 11. The medical system of claim 1 wherein oxygen saturation is measured. | Body Science has not provided specific evidence that this feature is present in the accused systems in a manner that meets the claim limitation. |
| 12. The medical system of claim 1 wherein a pulse of the patient is monitored. | Body Science has not provided specific evidence that this feature is present in the accused systems in a manner that meets the claim limitation. |
| 19. A medical system according to claim 1 wherein a second receiver is operable to receive information from the evaluator station. | Body Science has not provided specific evidence that this feature is present in the accused systems in a manner that meets the claim limitation. |
| 22. A medical system according to claim 1 wherein a second transmitter is operable to transmit digital data from the patient. | Body Science has not provided specific evidence that this feature is present in the accused systems in a manner that meets the claim limitation. |
| 26. The medical system of claim 1 further including a cover at least partially covering the receiver, the transmitter, and the converter. | Body Science has not provided specific evidence that this feature is present in the accused systems in a manner that meets the claim limitation. |
| 27. A medical system according to claim 1 wherein the converter, the transmitter, and the receiver are adapted to be at least partially under a cover. | Body Science has not provided specific evidence that this feature is present in the accused systems in a manner that meets the claim limitation. |
| 30. The medical system of claim 1 wherein the transmitter is responsive to the received information, the received information operative to manipulate the digital data. | The proprietary protocols utilized by the accused Invivo products do not perform the claimed data manipulation step. The identified "spread spectrum" features are automatic and not remotely managed. |
| 31. The medical system of claim 1 wherein the transmitter is responsive to the received information, the received information operative to control operation of the transmitter. | The proprietary protocols utilized by the accused Invivo products do not perform the claimed data control step. The identified "spread spectrum" features are automatic and not remotely managed. |
| 32. The medical system of claim 1 wherein the evaluator station is operable to send a signal to an alarm unit when the sensor is not properly fastened to a surface of a skin of the patient. | Body Science has not provided specific evidence that this feature is present in the accused systems in a manner that meets the claim limitation. |
| 33. The medical system of claim 1 wherein the evaluator station comprises a display operable to display the digital data. | Body Science has not provided specific evidence that this feature is present in the accused systems in a manner that meets the claim limitation. |
| 34. The medical system of claim 1 wherein the at least one sensor is capable of collecting data selected from the group consisting of:<br><br>respiration rate, heart rate, body temperature, perspiration, EEG signals, EKG signals, pulse | Body Science has not provided specific evidence that this feature is present in the accused systems in a manner that meets the claim limitation. |

| U.S. Patent No. 7,215,991 | Philips Electronics N.A. Corp.<br>Invivo Expression, Invivo Essential, Invivo Precess Patient Monitor(s) and Wireless Module(s) (SpO$_2$, ECG, NIBP, EtCO$_2$) |
|---|---|
| oximeter signals, electrodermal activity, patient position, patient motion, and combinations thereof. | |
| 35. The medical system of claim 1 wherein the digital data transmitted by the transmitter represents the electrical signal. | Body Science has not provided specific evidence that this feature is present in the accused systems in a manner that meets the claim limitation. |
| 36. The medical system of claim 1 wherein the digital data transmitted by the transmitter represents processed information. | Body Science has not provided specific evidence that this feature is present in the accused systems in a manner that meets the claim limitation. |
| 37. A medical system for monitoring body functions of a patient comprising:<br><br>an evaluator station located remotely from the patient and operable for wireless data communication;<br><br>a sensor capable of being arranged on the patient and operable to detect an electrical, physical, chemical, or biological property associated with the patient, and operable to convert the detected property into an electric signal;<br><br>a converter coupled to the sensor, the converter operable to convert the electric signal generated by the sensor into digital data; and<br><br>a transmitter coupled to the converter, the transmitter operable to wirelessly transmit the digital data to the evaluator station; a receiver operable to receive information from the evaluator station through wireless communication;<br><br>wherein the evaluator station is operable to change the format of the digital data transmitted from the transmitter to the evaluator station. | In its infringement contentions Body Science has cited to various unrelated features and components in a manner that is incoherent and does not identify a specific arrangement of components that is alleged to meet all of the claim elements.<br><br>The accused Invivo system include one or more patient worn transceivers. These communicate with a host system. A host system can communicate with a monitor. Accordingly, there is no direct communication between a sensor and monitor as required by the claim.<br><br>Additionally, both communication steps utilize proprietary communications protocols that do not include the claimed format changes.  The identified "spread spectrum" features are automatic and not remotely managed.<br><br>Additionally, because the  accused receiver, transmitter, and sensor are connected by one or more external wires the accused products do not include  the claimed arrangement of components. |
| 38. The medical system of claim 37 further comprising first and second arrangements of components, the first arrangement including the converter, the transmitter, and the receiver, the | Body Science has not provided specific evidence that this feature is present in the accused systems in a manner that meets the claim limitation. |

| U.S. Patent No. 7,215,991 | Philips Electronics N.A. Corp.<br>Invivo Expression, Invivo Essential, Invivo Precess Patient Monitor(s) and Wireless Module(s) (SpO$_2$, ECG, NIBP, EtCO$_2$) |
|---|---|
| second arrangement including an additional converter, an additional transmitter, and an additional receiver. | |
| 39. The medical system of claim 38 wherein the first and second arrangements are positionable adjacent to the patient. | Body Science has not provided specific evidence that this feature is present in the accused systems in a manner that meets the claim limitation. |
| 45. The medical system of claim 37 wherein the evaluator station is operable to manipulate the digital data. | The proprietary protocols utilized by the accused Invivo products do not perform the claimed data manipulation step. The identified "spread spectrum" features are automatic and not remotely managed. |
| 46. The medical system of claim 37 wherein the evaluator station is operable to control the transmitter. | The proprietary protocols utilized by the accused Invivo products do not perform the claimed data control step. The identified "spread spectrum" features are automatic and not remotely managed. |
| 49. The medical system of claim 48 wherein oxygen saturation is measured. | Body Science has not provided specific evidence that this feature is present in the accused systems in a manner that meets the claim limitation. |
| 50. The medical system of claim 37 wherein the evaluator station includes an alarm unit. | Body Science has not provided specific evidence that this feature is present in the accused systems in a manner that meets the claim limitation. |
| 51. The medical system of claim 37 wherein the evaluator station includes a display. | Body Science has not provided specific evidence that this feature is present in the accused systems in a manner that meets the claim limitation. |
| 52.  The medical system of claim 37 wherein the sensor is capable of collecting data selected from the group consisting of respiration rate, heart rate, body temperature, perspiration, EEG signals, EKG signals, pulse oximeter signals, electrodermal activity, patient position, patient motion, and combinations thereof. | Body Science has not provided specific evidence that this feature is present in the accused systems in a manner that meets the claim limitation. |
| 53. A medical system for acquiring measured data, including measuring body functions, comprising:<br><br>a first set of components having a first sensor operable to contact a body, a first transmitter, and a first receiver, the first set of components operable to rest close to the body; and | In its infringement contentions Body Science has cited to various unrelated features and components in a manner that is incoherent and does not identify a specific arrangement of components that is alleged to meet all of the claim elements.<br><br>The accused Invivo system include one or more patient |

25

| U.S. Patent No. 7,215,991 | Philips Electronics N.A. Corp.<br>Invivo Expression, Invivo Essential, Invivo Precess Patient Monitor(s) and Wireless Module(s) (SpO$_2$, ECG, NIBP, EtCO$_2$) |
|---|---|
| an evaluator station having a second transmitter and a second receiver, the evaluator station operable to wirelessly communicate with the first transmitter and the first receiver, second data transmitted from the second transmitter is operable to control and manipulate first data transmitted by the first | worn transceivers. These communicate with a host system. A host system can communicate with a monitor. Accordingly, there is no direct communication between a sensor and monitor as required by the claim.<br><br>Additionally, both communication steps utilize proprietary communications protocols that do not control or manipulate remotely transmitted data.  The identified "spread spectrum" features are automatic and not remotely managed.<br><br>Additionally, because the  accused receiver, transmitter, and sensor are connected by one or more external wires the accused products do not include  the claimed arrangement of components. |
| 55. A medical system according to claim 53 wherein the first sensor is capable of being fastened to a surface of a skin of the patient. | Body Science has not provided specific evidence that this feature is present in the accused systems in a manner that meets the claim limitation. |
| 56. A medical system according to claim 53 wherein the first sensor is capable of being in contact with a finger of the patient. | Body Science has not provided specific evidence that this feature is present in the accused systems in a manner that meets the claim limitation. |
| 57. A medical system according to claim 53 wherein the first sensor is located in a fingerclip. | Body Science has not provided specific evidence that this feature is present in the accused systems in a manner that meets the claim limitation. |
| 58. A medical system according to claim 55 wherein the first sensor, the first transmitter, and the first receiver are operable to be worn on a body of the patient with the first sensor in contact with the body. | Body Science has not provided specific evidence that this feature is present in the accused systems in a manner that meets the claim limitation. |
| 61. The medical system of claim 53 wherein oxygen saturation is measured. | Body Science has not provided specific evidence that this feature is present in the accused systems in a manner that meets the claim limitation. |
| 62. The medical system of claim 53 wherein a pulse of the patient is monitored. | Body Science has not provided specific evidence that this feature is present in the accused systems in a manner that meets the claim limitation. |
| 67. A medical system according to claim 53 wherein a third receiver is operable to receive third data from the second transmitter. | Body Science has not provided specific evidence that this feature is present in the accused systems in a manner that meets the claim limitation. |

| U.S. Patent No. 7,215,991 | Philips Electronics N.A. Corp.<br>Invivo Expression, Invivo Essential, Invivo Precess Patient Monitor(s) and Wireless Module(s) ($SpO_2$, ECG, NIBP, $EtCO_2$) |
|---|---|
| 69. The medical system of claim 67 wherein the evaluator station is operable to communicate with both the first receiver and the third receiver. | Body Science has not provided specific evidence that this feature is present in the accused systems in a manner that meets the claim limitation. |
| 73. The medical system of claim 53 further including a cover at least partially covering the first set of components. | Body Science has not provided specific evidence that this feature is present in the accused systems in a manner that meets the claim limitation. |
| 76. The medical system of claim 53 wherein the evaluator station further includes an alarm unit capable of operation when the first sensor is not responding properly. | Body Science has not provided specific evidence that this feature is present in the accused systems in a manner that meets the claim limitation. |
| 77. The medical system of claim 53 wherein the evaluator station further includes a display operable to display information representative of the first data transmitted by the first transmitter. | Body Science has not provided specific evidence that this feature is present in the accused systems in a manner that meets the claim limitation. |
| 78. The medical system of claim 53 wherein the sensor is capable of collecting data selected from the group consisting of respiration rate, heart rate, body temperature, perspiration, EEG signals, EKG signals, pulse oximeter signals, electrodermal activity, patient position, patient motion, and combinations thereof. | Body Science has not provided specific evidence that this feature is present in the accused systems in a manner that meets the claim limitation. |

702913545

| U.S. Patent No. 6,289,238 | Philips Electronics N.A. Corp.<br>Invivo Expression, Invivo Essential, Invivo Precess Patient Monitor(s) and Wireless Module(s) (SpO2, ECG, NIBP, EtCO2) |
|---|---|
| 19. A medical system for acquiring measured data, in particular for monitoring body functions, comprising:<br><br>at least one evaluation station having at least one receiver and at least one transmitter for wireless digital data transmission and receiving;<br><br>at least two electrodes capable of being attached to a patient, each of said electrodes comprising: at least one sensor for detecting an electric, physical, chemical or biological quantity, and converting the detected quantity into an electric signal;<br><br>a covering comprising:<br><br>at least one converter for converting the electric signal generated by said sensor into a digital value;<br><br>at least one transmitter coupled to said at least one converter for transmitting the digital data to the receiver in said evaluation station; and at least one<br><br>receiver for receiving data transmitted by the evaluation station transmitter,<br><br>wherein data transmitted by said evaluation station to said electrode can manipulate the data transmitted by said electrode to the evaluation station. | In its infringement contentions Body Science has cited to various unrelated features and components in a manner that is incoherent and does not identify a specific arrangement of components that is alleged to meet all of the claim elements.<br><br>The accused Invivo system include one or more patient worn transceivers. These communicate with a host system. A host system can communicate with a monitor. Accordingly, there is no direct communication between a sensor and monitor as required by the claim.<br><br>The accused Invivo systems do not include an "electrode"-rather they include assemblies of components that are connected through external wires.<br><br>Additionally, both communication steps utilize proprietary communications protocols that do not control or manipulate remotely transmitted data.   The identified "spread spectrum" features are automatic and not remotely managed. |
| 20. The system according to claim 19, wherein the evaluation station comprises at least one decoding unit and wherein each electrode is equipped with an encoding unit. | Body Science has not provided specific evidence that this feature is present in the accused systems in a manner that meets the claim limitation. |
| 21. The system according to claim 19, wherein the evaluation station contains at least one encoding unit and wherein each electrode is equipped with a decoding unit. | Body Science has not provided specific evidence that this feature is present in the accused systems in a manner that meets the claim limitation. |
| 24. The system according to claim 19, wherein the evaluation station has at least one of a storage unit, display unit and alarm unit. | Body Science has not provided specific evidence that this feature is present in the accused systems in a manner that meets the claim limitation. |

| U.S. Patent No. 6,289,238 | Philips Electronics N.A. Corp.<br>Invivo Expression, Invivo Essential, Invivo Precess Patient Monitor(s) and Wireless Module(s) (SpO2, ECG, NIBP, EtCO2) |
|---|---|
| 32. The system according to claim 19, wherein said electrodes are attached to the skin surface. | Body Science has not provided specific evidence that this feature is present in the accused systems in a manner that meets the claim limitation. |
| 35. A medical system according to claim 19, wherein the data transmitted by the evaluation station to said electrode can control the data transmitted by said electrode to the evaluation station. | The proprietary protocols utilized by the accused Invivo products do not perform the claimed data manipulation step. The identified "spread spectrum" features are automatic and not remotely managed. |
| 51. A medical system for acquiring measured data, in particular for monitoring body functions, comprising:<br><br>at least one evaluation station having at least one receiver and at least one transmitter for wireless digital data transmission and receiving;<br><br>at least two electrodes capable of being attached to a patient, each of said electrodes comprising: at least one sensor for detecting an electric, physical, chemical or biological quantity, and converting the detected quantity into an electric signal;<br><br>a covering comprising:<br><br>at least one converter for converting the electric signal generated by said sensor into a digital value;<br><br>at least one transmitter coupled to said at least one converter for transmitting the digital data to the receiver in said evaluation station; and at least one receiver for receiving data transmitted by the evaluation station transmitter,<br><br>whereby the data transmitted by said evaluation station to said electrode can control the data transmitted by said electrode to the evaluation station. | In its infringement contentions Body Science has cited to various unrelated features and components in a manner that is incoherent and does not identify a specific arrangement of components that is alleged to meet all of the claim elements.<br><br>The accused Invivo system include one or more patient worn transceivers. These communicate with a host system. A host system can communicate with a monitor. Accordingly, there is no direct communication between a sensor and monitor as required by the claim.<br><br>Additionally, both communication steps utilize proprietary communications protocols that do not control or manipulate remotely transmitted data.   The identified "spread spectrum" features are automatic and not remotely managed. |
| 52. The system according to claim 51, wherein the evaluation station comprises at least one decoding unit and wherein each electrode is equipped with an encoding unit. | Body Science has not provided specific evidence that this feature is present in the accused systems in a manner that meets the claim limitation. |

29

| U.S. Patent No. 6,289,238 | Philips Electronics N.A. Corp.<br>Invivo Expression, Invivo Essential, Invivo Precess Patient Monitor(s) and Wireless Module(s) (SpO2, ECG, NIBP, EtCO2) |
|---|---|
| 53. The system according to claim 51, wherein the evaluation station contains at least one encoding unit and wherein each electrode is equipped with a decoding unit. | Body Science has not provided specific evidence that this feature is present in the accused systems in a manner that meets the claim limitation. |
| 56. The system according to claim 51, wherein the evaluation station has at least one of a storage unit, display unit and alarm unit. | Body Science has not provided specific evidence that this feature is present in the accused systems in a manner that meets the claim limitation. |
| 64. The system according to claim 51, wherein said electrodes are attached to the skin surface. | Body Science has not provided specific evidence that this feature is present in the accused systems in a manner that meets the claim limitation. |

702913545